FILED
CLERK, U.S. DISTRICT COURT

9/9/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ____CW____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GIBSON, individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 20-00769-CJC(GJSx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [Dkt. 62] |

I. INTRODUCTION

In this putative class action, Plaintiff Gary Gibson alleges that Defendant Jaguar Land Rover North America, LLC ("Jaguar") improperly limited warranty coverage for certain parts in certain cars in violation of California law. He therefore asserts that Jaguar (1) engaged in unlawful, fraudulent, and/or unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*,

and (2) made misrepresentations to consumers about the characteristics, benefits, and/or qualities of its vehicles in violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.* After the Court granted Jaguar's motion to dismiss Plaintiff's First Amended Complaint (Dkt. 56 [hereinafter "FAC Order"]), Plaintiff filed a Second Amended Complaint (Dkt. 59 [Second Amended Complaint, hereinafter "SAC"]). Now before the Court is Jaguar's motion to dismiss Plaintiff's Second Amended Complaint. (Dkt. 28 [hereinafter "Mot."]). For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.[1]

## II. BACKGROUND

This case arises out of California Air Resources Board ("CARB") regulations that ensure compliance with California's automotive emission standards. These regulations dictate, among other things, the scope of warranties that manufacturers must provide on parts in new cars. *See generally* 13 C.C.R. §§ 2035–2037. Specifically, manufacturers must provide a 3-year/50,000-mile warranty for all parts that affect regulated emissions ("warranted parts"). *See id.* §§ 2035(c)(1)(B), 2037(b)(2). For "high-priced" parts that affect regulated emissions ("high-priced warranted parts"), manufacturers must provide a 7-year/70,000-mile warranty. *See id.* §§ 2037(b)(3).

A warranted part is "high priced" if its replacement cost exceeds a "cost limit" defined by a formula that considers the model year and the Consumer Price Index ("CPI"). *See* 13 C.C.R. § 2037(c)(3).[2] A part's replacement cost is defined as "the retail

---

[1] Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 14, 2020 at 1:30 p.m. is hereby vacated and off calendar.

[2] "Cost limit$_n$ = \$300 x (CPI$_{n-2}$ / 118.3) where: Cost limit$_n$ is the cost limit for the applicable model year of the vehicle rounded to the nearest ten dollars. n is the model year of the new vehicles. n-2 is the calendar year two years prior to the model year of the new vehicles. CPI is the annual average

-2-

cost to a vehicle owner"—including the part, labor, and diagnosis—in "the highest-cost metropolitan area of California" at the time CARB certifies the model. *See id.* §§ 2037(c)(4), (6). Manufacturers must identify all high-priced warranted parts in applications to CARB to certify new vehicle models. 13 C.C.R. § 2037(c)(1)(B). CARB may reject an application or require modifications to ensure that manufacturers include all qualifying parts. *Id.* § 2037(c)(6).

In the SAC, Plaintiff alleges the following facts. When Plaintiff purchased a new 2013 Land Rover LR4 in May 2013, he received a warranty booklet indicating that the car was covered by CARB's emission warranties. (SAC ¶¶ 33–34.) In October 2017, Plaintiff brought his car to a dealership for repairs. (*Id.* ¶ 38.) By this time, Plaintiff's car had 60,650 miles on it, so he was past the 50,000 mile warranty. (*See id.*) The dealership determined that the in-tank fuel pump was intermittently failing, and installed a new pump, among other repairs. (*Id.* ¶ 38.) Plaintiff paid $1,249.20 out-of-pocket for these repairs. (*Id.* ¶ 39.) However, Plaintiff asserts that some or all of these costs should have been covered by the 7-year/70,000-mile California emissions warranty for high-priced warranty parts. (*Id.* ¶ 40.) Specifically, he claims that the in-tank fuel pump in his car was a high-priced warranty part, even though it was not identified as one in the warranty booklet. (*See id.* ¶¶ 40–43.)

Plaintiff seeks to certify a class of all persons in California who have owned or leased a Jaguar 2013 or 2014 Land Rover L4 in the last four years and paid for repairs and parts for the in-tank fuel pump that should have been covered under Jaguar's 7-year/70,000-mile California emissions warranty. (*Id.* ¶ 86.) According to Plaintiff, Jaguar "engaged in a systematic business practice" of omitting the in-tank fuel pump in these cars from the warranty booklet, which purports to identify all parts covered under

---

nationwide urban consumer price index published by the United States Bureau of Labor Statistics." 13 C.C.R. § 2037(c)(3).

the 7-year/70,000-mile California emissions warranty. (*Id.* ¶¶ 15–16.) As a result of this business practice, when consumers bring their Jaguar vehicles to authorized repair facilities, Jaguar does not provide 7-year/70,000-mile coverage for these parts and consumers pay more for repairs. (*See id.* ¶¶ 17–18.) Among other relief, Plaintiff seeks an order enjoining Jaguar from further deceptive practices and reimbursement of the money Plaintiff and the putative class wrongfully paid out-of-pocket.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

### IV. DISCUSSION

Jaguar argues that Plaintiff's SAC should be dismissed because Plaintiff fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Alternatively, Jaguar argues that Plaintiff's claims should be dismissed to the extent they

1 seek equitable relief because Plaintiff does not plausibly allege that an adequate remedy
2 does not exist at law.

### A. Whether the SAC Complies with Rule 9(b)

Jaguar first argues that Plaintiff's claims should be dismissed because Plaintiff fails to satisfy Rule 9(b)'s heightened pleading requirements. The Court is not persuaded. For claims sounding in fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1145 (9th Cir. 2009). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). In other words, a plaintiff must plead the "who, what, when, where, and how" of the alleged misconduct. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). When an artificial entity is the alleged perpetrator of the fraud, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015).

Here, Plaintiff has alleged that Jaguar (who) failed to list the in-tank fuel pump as a high-priced warranted part in its warranty booklets for 2013 and 2014 model year LR4 cars (what) for the last four years (when). (*See, e.g.*, SAC ¶¶ 14–18.) Plaintiff alleges that this was false because information available to Jaguar at the time it made these booklets indicated that the part should have been classified as a high-priced warranted part. (*See id.* ¶¶ 58–80.)

Jaguar contends that Plaintiff's claims are not plausible for numerous reasons, including that (a) Jaguar could not have known with certainty that the in-tank fuel pump should have been a high-priced warranted part at the time it made the warranty booklets, especially given that replacement costs are determined prospectively using estimated retail parts costs and labor rates, (b) there are multiple legitimate explanations for why the in-tank fuel pump may have been classified as a high-priced warranted product in 2012 and 2015 model year vehicles, but not the 2013 and 2014 model years, including that part costs may have changed in those years, and (c) CARB has not raised any concern about Jaguar's high-priced warranty part classifications.  (Mot. at 8–17.)  At this stage, however, the Court concludes that Plaintiff has sufficiently alleged a plausible claim, especially making all reasonable inferences in Plaintiff's favor.  The Court may determine at summary judgment, or a jury may determine at trial, that there is sufficient evidence to show that Jaguar's decision not to include the in-tank fuel pump as a high-priced warranted part did not violate the law, but dismissal is not appropriate at this early stage.

### B.     Whether Plaintiff May Seek Equitable Relief

Defendants next argue that Plaintiff's claims for equitable relief should be dismissed because Plaintiff fails to plausibly allege that he has no adequate remedy at law.  On this issue, the Court agrees with Defendants.  "A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) (citing *Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368 (1994)); *see Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law.").  For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole.  *See, e.g.*, *Duttweiler v. Triumph Motorcycles (Am.)*

*Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015); *Huu Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *5 (N.D. Cal. Apr. 11, 2017); *see also Adams v. I-Flow Corp.*, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010) ("Injunctive relief under the Unfair Competition Law, however, is available only to plaintiffs who can establish that they have no adequate remedy at law for damages available to them."). The Ninth Circuit has very recently made clear that this principle applies to claims for equitable relief under both the UCL and CLRA. *Sonner v. Premier Nutrition Corp.*, -- F.3d --, 2020 WL 4882896, at *7 (9th Cir. June 17, 2020) (explaining that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA").

Here, Plaintiff seeks both compensatory damages and equitable relief—including an injunction and restitution. (*See* SAC at 31 [Prayer for Relief].) However, there is nothing in the SAC to suggest that monetary damages would not make Plaintiff or the putative class whole. Indeed, throughout the SAC Plaintiff repeatedly alleges that he and the putative class "lost money or property" as a result of Jaguar's wrongful conduct. (SAC ¶¶ 22, 102; *see id.* ¶ 128 [alleging that if Jaguar had identified the in-tank fuel pump as a high-priced warranted part, "Plaintiff and members of the Class would have been able to avoid spending money in order to repair [their Jaguar] vehicles".]) Nor has Plaintiff alleged facts that could support a finding that monetary relief is insufficient to compensate him and the putative class for the alleged harm. Therefore, he may not bring equitable claims.

This is fatal to Plaintiff's UCL claim because "[r]emedies under the UCL are limited to restitution and injunctive relief, and do not include damages." *Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*, 2012 WL 13028094, at *2 (C.D. Cal. Apr. 4, 2012) (citing *Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1146–49 (2003)). Accordingly, Plaintiff's UCL claim must be dismissed with prejudice. By contrast, both

damages and equitable relief are available under the CLRA. Cal. Civ. Code § 1780(a). Consequently, Plaintiff's CLRA claim survives as to damages only. *See Gomez v. Jelly Belly Candy Co.*, 2017 WL 8941167, at *1 (C.D. Cal. Aug. 18, 2017) (dismissing UCL claim in full and CLRA claim for equitable relief because the plaintiff failed to allege facts showing that money could not compensate her for the alleged harm that the term "evaporated cane juice" misled her and other consumers about the basic nature of the defendant's product and its contents).

## V. CONCLUSION

For the foregoing reasons, Jaguar's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's UCL claim is **DISMISSED WITH PREJUDICE.** Plaintiff's CLRA claim for equitable relief is **DISMISSED** with prejudice. Jaguar's motion to dismiss Plaintiff's CLRA claim for damages is **DENIED.**

DATED: September 9, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE